K.K. HALL, Circuit Judge,
concurring in part and dissenting in part:
First of all, if the issue be reached, I agree with the manner in which the majority has applied James Daniel Good here. An illegal initial seizure of property ho more shields it from subsequent forfeiture- than an illegal arrest immunizes a person from subsequent indictment or conviction.
I disagree, however, that we ought to apply James Daniel Good in this case at all. Unlike the claimant there, Mrs. Marsh raised no due process claim or defense in her answer or any prejudgment motion. On August 29, 1994, five years after the seizure, in a motion to reconsider the second entry of final judgment, Marsh first challenged the seizure’s legality. I believe that this inordinate postdeprivation delay constituted a waiver of Marsh’s predeprivation due process rights.
It is no answer to assert that James Daniel Good engendered the due process issue, thus possibly excusing the delay. The Supreme Court resolves the great legal issues of our day; it does not create them. The claimant in James Daniel Good had no trouble articulating the winning due process argument. Indeed, notwithstanding whether a given court would have agreed with that argument then, its simple premise — a man ought to be able to defend his home before losing it — struck such basic due process themes as to be almost self-evident. Just weeks after the seizure of Leola’s Plaza, the Second Circuit adopted a predeprivation process rule very much like that later fashioned by James Daniel Good, United States v. Premises and Real Property at 4492 Livonia Road, 889 F.2d 1258, 1264 (2nd Cir.1989), and one of our First Circuit colleagues had previously argued, albeit unsuccessfully, for a similar result. Application of Kingsley, 802 F.2d 571, 582-583 (1st Cir.1986) (Torruella, J., dissenting).
I am all for the majority's return-of-rents remedy where a citizen has stood on his rights and seen them trampled. I fear, though, that extending such relief to one who did not timely seek it is neither fair to the public nor feasible in practice. Citizens waive clearly established rights every day. How do we distinguish the long-ago forfeiture defendant who would have appeared and contested the seizure at a predeprivation hearing from the one who, knowing it futile, would have waived it? My guess is that we cannot.
The errors of the past, however regrettable, cannot always, and should not sometimes, be repaired. This is one of those times. I would affirm the judgment of the district court, and I respectfully dissent to the- extent the majority has vacated it.